IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:23-CR-00758-DHU |
| | ) | |
| v. | ) | |
| | ) | |
| **MAYLENE JOHN**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSED MOTION *IN LIMINE* TO ADMIT
STATEMENTS MADE BY JANE DOE NEAR THE TIME OF HER DEATH**

Caitlin Dillon and Zach Jones, Assistant United States Attorneys, enter this *Opposed Motion in Limine*. Counsel for Defendant opposes this requested relief.

**I.   INTRODUCTION & REQUEST FOR RELIEF**

At about 3:00 a.m. on October 24, 2022, Defendant stabbed Jane Doe, her seven-year-old daughter, to death in their shared home. Defendant's actions awoke her live-in brother (K.J.) who kicked in her locked bedroom door and found Jane Doe on their bed with a stab wound to her torso. K.J. saw Defendant on the end of the bed with a silver knife. Jane Doe told K.J. that Defendant stabbed her; Defendant then put the murder weapon to her own neck. K.J. grabbed Defendant's wrist and forced her to release the knife. (Doc. 1).

K.J. told police—both at the scene and in a recorded interview—he heard Jane Doe scream for help from the bedroom Doe shared with Defendant as Doe lay dying on the bed:

- "*Uncle, help me!*" (Recorded interview of K.J., BN 1, at 3:52 & 7:11).
- "*Uncle, she, she, she stuck me right here!*" (BN 1 at 43:51).
- "*She got me! She got me! Right here!*" (BN 1 at 49:29).

1

- "*Ouch, Uncle, she stabbed me!*" (Body camera video of NPD Officer Branden E. Jim, BN 523, at 6:11).

The United States moves *in limine* to admit K.J.'s testimony concerning Jane Doe's last words to K.J. These statements are admissible as:

1. Statement made under the belief of imminent death under Rule of Evidence 804(b)(2);
2. Excited utterances under Rule of Evidence 803(2); and/or
3. Present-sense impressions under Rule of Evidence 803(1); and/or
4. Statement of a then-existing physical condition under Rule of Evidence 803(3).

## II.     LEGAL BACKGROUND & ANALYSIS

Hearsay is a statement "the declarant does not make while testifying at the current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay statements generally are not admissible. *See* Fed. R. Evid. 802. However, the Federal Rules of Evidence recognize that several categories of statements do not constitute hearsay and, therefore, are not barred from admission at trial. *See* Fed. R. Evid. 803 & 804.

### A.     Jane Doe's statements to K.J. are admissible as dying declarations.

"The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness… In a prosecution for homicide…a statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances." Fed. R. Evid. 804(b)(2). "[I]t must be shown by the party offering [the dying declaration] in evidence that they were made under a sense of impending death. This may be made to appear from what the injured person said; or from the nature and extent of the wounds inflicted being obviously such that he must have felt or known that he could not survive…" *Mattox v. United States*, 146 U.S. 140, 151

(1892). "A declarant's serious injuries can support an inference that [s]he believed death was imminent." *United States v. Two Shields*, 497 F.3d 789, 793 (8th Cir. 2007).

> Often this belief in the imminence of death is proved by the declarant's own statements of belief at the time—an expression of a "settled hopeless expectation"—*but the declarant need not have made such a statement.* The belief may be shown circumstantially by the statements made to the declarant by doctors or others of the hopelessness of the condition, the apparent fatal quality of the wound, or other circumstances, but it must be shown. These preliminary questions of fact are to be determined by the court.

*Requirements that declarant must have been conscious of impending death and that declarant must be unavailable*, 2 McCormick On Evid. § 310 (8th ed.) (emphasis added).

In *United States v. Hernandez*, 571 F. Supp. 3d 1217, 1221 (E.D. Okla. 2021), Joseph Allen Hernandez set a mobile-home fire that killed his mother and grandmother. *Id*. at 1218-19. Both victims made statements at the scene within one hour of the crime "to the effect that it was Defendant who had caused their injuries, by pouring gasoline over the women's bodies and lighting them on fire." *Id*. at 1219. Hernandez's mother died the next day; his grandmother died the day after that. *Id*. The United States expected at trial to call six witnesses to testify to these statements; Defendant opposed this testimony. *Id*.

The district court agreed with the United States and permitted the burn-victims' statements to be admitted under Rule 804(b)(2) as dying declarations. *Id*. at 1221.[1] It was "indisputable" that both women were "grievously injured," and "the injuries here were so severe and obvious that it would have been plain to the victims that they were dying…even without considering the content of the statements." *Id*. Defendant's mother was "screaming 'in pain' as her 'skin came off[.]'" His grandmother made statements having suffered "second[-]degree visible burns to 70% of her body." *Id*.

---

[1] The *Hernandez* court also found the victims' statements to be admissible as excited utterances. *Hernandez*, 571 F. Supp. 3d at 1220.

These facts are analogous to *Hernandez*. Jane Doe's injuries were visible and serious. She was screamed and cried, which prompted K.J. to run to her aid. He kicked down a locked door to rescue Jane Doe, who he saw "bleeding out." K.J. tried to reassure Doe, but she was crying and holding herself. (Recorded interview of K.J., BN 1, at 25:10-26:15). It was apparent to K.J. that Jane Doe was gravely injured—she was "bleeding out," crying, and screaming for help. When police arrived at about 3:17 am, Jane Doe was lifeless and appeared dead. Despite CPR efforts, she was never resuscitated. EMS declared her dead at 3:42 am.

Doe made these statements—to the effect of "Uncle, she, she, she stuck me right here!"—less than 45 minutes before she died. Therefore, Doe's words to K.J. are not excluded by the rule against hearsay because Jane Doe is unavailable as a witness (she is obviously dead), and her statements were made about the cause and circumstances of her death while she was under the belief of impending death.

### B. Jane Doe's statements to K.J. are admissible as excited utterances.

In addition to being admissible as a dying declaration, Jane Doe's statements to K.J. are admissible as excited utterances. Rule of Evidence 803(2) provides an exception to the general rule of exclusion for excited utterances, which is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). This exception has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement;[2] and (3) a nexus between the content of the statement and the event. *United States v. Ledford*, 443 F.3d 702, 710

---

[2] "Courts consider a range of factors in determining whether a declarant made a statement while under the stress of a particular event. Among the more relevant factors are: the amount of time between the event and the statement; the nature of the event; the subject matter of the statement; the age and condition of the declarant; the presence or absence of self-interest; and whether the statement was volunteered or in response to questioning." *United States v. Pursley*, 577 F.3d 1204, 1220 (10th Cir. 2009).

(10th Cir. 2005). "The exception proceeds on the theory 'that circumstances may produce a condition of excitement which temporarily stills the capacity for reflection and produces utterances free of conscious fabrication.'" *United States v. Magnan*, 863 F.3d 1284, 1292 (10th Cir. 2017) (quoting Rule 803 Advisory Committee's note). Notably, the subject-matter requirement of Rule 803(2) is more liberal than that of Rule 803(1). Rule 803(1) is limited to statements "describing or explaining an event or conditions." Rule 803(2) enables the admission of statements "relating to a startling event or condition." *People of the Territory of Guam v. Cepeda*, 69 F.3d 369, 372 (9th Cir. 1995).

Seven-year-old Jane Doe's post-stabbing statements to K.J. are excited utterances. The startling event was Jane Doe being stabbed by her mother, and then crying out for help. In response to Doe's 3:00 am cries, K.J. lept into action, broke down a door, and attempted to help Doe as she spoke to him about the stabbing.

The time lapse between the stabbing and the statements was minimal. Upon information and belief, Doe's statements were not made in response to K.J.'s questions; these were spontaneous statements by Doe while she was bleeding and crying, apparently moments after her mother stabbed her in the heart.

And there is a nexus between the content of Doe's words and the stabbing. Jane Doe described what happened to her seconds earlier (a stabbing) and who injured her (her mother). These were "not conscious, reflective responses to suggestive questioning." *Pursley*, 577 F.3d at 1222. Each of these three factors weighs in favor admissibility. Jane Doe's statements to K.J. thus constitute excited utterances under Rule 803(2).

### C.  Jane Doe's statements to K.J. are admissible as present-sense impressions.

Federal Rule of Evidence 803(1) excludes from hearsay a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Such statements are not excluded by the rule against hearsay, regardless of the declarant's availability. *Id*. The Supreme Court explained the rationale behind this rule, noting that "[i]n evidence law, we generally credit the proposition that statements about an event and made soon after perceiving that event are especially trustworthy because 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.'" *Navarette v. Ca.*, 572 U.S. 393, 399-400 (2014) (quotation omitted).

"By its own terms, application of Rule 803(1) has three distinct requirements: i) the statement must describe or explain the event perceived; ii) the declarant must have in fact perceived the event described; and iii) the description must be 'substantially contemporaneous' with the event in question." *United States v. DeLeon*, 418 F. Supp. 3d 682, 743 (D.N.M. 2019) (internal quotation marks omitted). "The present sense impression exception applies only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures." *Id.* (internal quotation marks omitted).

Jane Doe was a firsthand witness to her mother stabbing her. Jane Doe's statements explained the stabbing that just occurred. The statement was made to K.J. right after K.J. kicked down the bedroom door, which happened moments after he heard Doe wail for help. Doe spoke to K.J. once the door was broken, immediately after Defendant stabbed her. These statements are admissible under Fed. R. Evid. 803(1).

### D. Jane Doe's statements to K.J. that "she got me" and "she stuck me right here!" are statements about a then-existing physical condition.

Another applicable exception is "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)." Fed. R. Evid. 803(3). "[T]he reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991). "[T]he statement be contemporaneous to the incident at issue, with no opportunity for fabrication." *United States v. Salas-Aguayo*, No. CR 12-3109 JB, 2024 WL 453642, at *7 (D.N.M. Feb. 6, 2024).

Generally, "statements as to *why* the declarant had the feelings or state of mind are inadmissible." *United States v. Sablan*, No. CRIM 00-CR-00531-WYD, 2008 WL 700172, at *18 (D. Colo. Mar. 13, 2008). The Tenth Circuit noted that "[t]he essence of the state of mind exception is that there are circumstantial guarantees of trustworthiness attendant to a statement that reflects a then existing mental, emotional or physical condition...." *United States v. Rodriguez–Pando,* 841 F.2d 1014, 1019 (10th Cir.1988) (quotation omitted).

There are several "circumstantial guarantees of trustworthiness" in this case. First, the Doe's statement that "she got me," "she stuck me right here," and "right here," are made moments after Defendant stabbed Jane Doe. There was, in short, no opportunity for seven-year-old Jane Doe to reflect on her injuries because K.J. immediately charged into the bedroom. And Doe's statements directly relate to an existing sensory and physical condition—Jane Doe feeling the stab wound and noting its location. The statements are also admissible under Rule 803(3).

7

### III.     CONCLUSION & REQUEST FOR RELIEF

The United States moves *in limine* to admit K.J.'s testimony concerning Jane Doe's last words to K.J. These statements are admissible as:

1. Statement made under the belief of imminent death under Rule of Evidence 804(b)(2);

2. Excited utterances under Rule of Evidence 803(2); and/or

3. Present-sense impressions under Rule of Evidence 803(1); and/or

4. Statement of a then-existing physical condition under Rule of Evidence 803(3).

Respectfully submitted,

**ALEXANDER M. M. UBALLEZ**
United States Attorney

<u>Filed Electronically on 3/1/2024</u>
Caitlin L. Dillon
Zachary Jones
Assistant United States Attorneys
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send notification to counsel of record.

*/s/*
Caitlin L. Dillon
Assistant United States Attorney